

**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*  (503) 727-1000
*Portland, OR  97204-2902*  *Fax: (503) 727-1117*

July 18, 2011

Lisa Hay, Esq.
Assistant Federal Defender
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland OR 97204

      Re:    *United States v. Ricardo Diaz*, Case No. 10-CR-448-BR
            Plea Agreement Letter

Dear Ms. Hay:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to sole charge in the Indictment, which charges defendant with being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

3.    **Penalties**:  The maximum sentence is 10 years' imprisonment, a fine of $250,000 and 3 years of supervised release, as well as a mandatory $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.

4.    **Dismissal/No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation or based upon facts known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2K2.1(a)(4)(A) included possession of the firearm identified in the Indictment after conviction for a felony, for a Base Offense Level of 14, prior to adjustments. In addition,

Revised 02/03/10

Lisa Hay, Esq.
Re: *United States v. Ricardo Diaz* Plea Letter
Page 2

defendant admits: (1) that he committed the charged offense while on probation following his conviction for Unlawful Possession of Methamphetamine in Clackamas County Circuit Court case number 1000874; and (2) that he willfully failed to appear, as ordered, for a judicial proceeding pertaining to this case as contemplated in USSG § 3C1.1 & n.4(E) (Obstructing or Impeding the Administration of Justice), in that he absconded from pretrial supervision and failed to appear as ordered for the scheduled trial of this case.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, or again obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Low End Range**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

9. **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the following firearm as well as any ammunition seized therewith:

> One 9 mm caliber Smith & Wesson Pistol, Model 5906, bearing the serial number EKZ3508.

10. **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Tuesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

Lisa Hay, Esq.
Re: *United States v. Ricardo Diaz* Plea Letter
Page 3

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range, or (4) the Court orders restitution in excess of any amount authorized by law. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Forfeiture Terms**:

    A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including one 9 mm caliber Smith & Wesson pistol, model number 5906, bearing the serial number EKZ3508, and all ammunition seized therewith. Defendant expressly admits the forfeiture allegation in the Indictment and that the aforementioned firearm and ammunition were involved in defendant's knowing violation of 18 U.S.C. § 922(g)(1), as alleged in the Indictment.

**Revised 02/03/10**

Lisa Hay, Esq.
Re: *United States v. Ricardo Diaz* Plea Letter
Page 4

        B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim and to withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

        C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

        D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

        E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

16.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition To Enter Plea.

(Continued on next page.)

Revised 02/03/10

Lisa Hay, Esq.
Re: *United States v. Ricardo Diaz* Plea Letter
Page 5

17. **Deadline**: This plea offer expires if not accepted by July 15, 2011, at 5pm.

                                          Sincerely,

                                          DWIGHT C. HOLTON
                                          United States Attorney

                                          *Ryan Wesley Bounds*

                                          RYAN W. BOUNDS
                                          Assistant United States Attorney

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-4-11
Date

                                          Ricardo Diaz
                                          Defendant

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/4/11
Date

                                          Lisa Hay, Esq.
                                          Attorney for Defendant